**William Allen BROWN, Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff**

No. 45A03–9204–CR–132.

Court of Appeals of Indiana,
Third District.

Aug. 12, 1993.

James F. Stanton, Superior Court of Lake Co., Appellate Div., Crown Point, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Brown of battery as a Class B felony. On appeal he argues that the evidence was insufficient because it conclusively established that he was too intoxicated to form the necessary intent to commit the offense. We disagree.

The evidence favorable to the verdict established the following facts. Brown was discovered by the police intoxicated and unconscious about 5:00 p.m. He was subsequently arrested and transported to the jail in Hammond, where he was placed in a cell with the victim, Block. Another inmate testified that later, between 8:00 and 10:00 p.m., Brown was asking for inmates in other cells to give him a cigarette. One responded that if Brown would silence Block, who was snoring, and show him some blood he would give Brown a cigarette. While other inmates cheered him on, Brown then beat and kicked Block. Brown then threw Block's bloody shirt out of the cell, extended his bloody hands through the bars and said, "Give me the cigarette. Look. I got him bloody, good and bloody." Brown, himself, told police two days later that he became really mad when Block mumbled something, that he asked Block to be quiet and struck him three or four times when he failed to comply and that he "must have hit [Block] some more."

Brown argues that he was clearly extremely intoxicated and if the statutory defense and the legal principle behind it have any meaning at all, it must be applied in this case.

We do not dispute that Brown was extremely intoxicated. That, however, is not the point. IC 35–41–3–5 provides that voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase "with intent to" or "with an intention to." The underlying principle is that of the necessity of *mens rea.*

In aggravated battery pursuant to IC 35–42–2–1.5, that element applies to "inflicts injury on a person." Thus, the question is whether the evidence was sufficient

to establish that Brown intended to inflict injury on Block when he beat him. From the evidence we have recited we conclude that it was.

Affirmed.

STATON and CONOVER, JJ., concur.